## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL FALCONE | § | |
| (BOP No. 98244-509), | § | |
|     Petitioner, | § | |
| v. | § | Civil Action No. 4:23-cv-1196-O |
| | § | |
| CHRIS RIVERS, Warden, [1] | § | |
| FMC-Fort Worth, | § | |
|     Respondent. | § | |

### OPINION AND ORDER OF DISMISSAL

Petitioner Michael Falcone filed in this case a "Petition for Writ of Habeas Corpus under 28 U.S.C.§ 2241" and supporting brief. Pet., ECF No. 1; Brief, ECF No. 2. At the time, Falcone was housed in the Bureau of Prisons (BOP) FMC-Fort Worth facility in Fort Worth, Texas. Pet 1, ECF No. 1. The Respondent has now filed a document entitled "Notice of Mootness Due to Petitioner's Release from Custody." ECF No. 7. That document informs that Falcone is no longer imprisoned.[2] After review of the pleadings and applicable law, the Court finds and concludes that the petition for relief under § 2241 must be **DISMISSED** as moot.

### I.     BACKGROUND

Petitioner was arrested by Louisiana State authorities on September 29, 2021, for drug and firearm offenses, (Case Nos. 97218 and 97327). App. 2, ¶ 5 (Declaration of BOP Correctional Programs Specialist Tiffany Farmer), ECF No. 11. On April 22, 2022, a federal criminal indictment was filed in Case No. 2:22-CR-00099, for possession of a firearm by a prohibited person. *Id.*, ¶ 6. On May 3, 2022, Petitioner was temporarily transferred from the

---

[1] Chris Rivers has replaced the Acting Warden as Warden at FMC-Fort Worth, and thus should be substituted as Respondent.

2. The BOP website also shows that Michael Falcone was released on January 10, 2024. *Id.*

custody of the State of Louisiana to the United States Marshal Service pursuant to a Federal Writ of Habeas Corpus *Ad Prosequendum* for the pending Federal case, No. 2:22-CR-00099. *Id.*, ¶ 7.

On October 6, 2022, Petitioner was sentenced in Federal court to an 18-month term of imprisonment "with credit for time served since May 3, 2022." *Id.*, ¶ 8. The sentence was silent regarding how it should run against any other sentence, including a state sentence. *Id.* Petitioner was returned to the state custody on November 14, 2022. *Id.*

On March 7, 2023, Petitioner was sentenced in Louisiana to a 2-year term of imprisonment in Case No. 97218 (Case No. 97327 was dismissed). *Id.*, ¶ 9. He received credit for time served, from September 29, 2021 to March 6, 2023, totaling 524 days of jail credit. *Id.* His State sentence was completed on March 24, 2023, and the state's primary jurisdiction was relinquished to the United States Marshal Service on March 27, 2023. *Id.* Therefore, Petitioner's 18-month federal sentence began the day he entered the custody of the United States Marshal Service, with credit for March 25 and March 26, 2023. *Id.* at 3, ¶ 10.

## II.     RELIEF REQUESTED

In his petition for a writ of habeas corpus under 28 U.S.C. § 2241, Petitioner Michael Falcone, sought credit toward his federal term of imprisonment for time served in the temporary custody of the United States Marshal Service on a federal writ while in the primary jurisdiction of the State of Louisiana. Pet. 5, 11, ECF No. 1; Brief 1-4, ECF No. 2.  Initially Respondent filed a Response to the Court's order to show cause on January 10, 2024, arguing that the request for credit by Petitioner Falcone was interpreted as a request for *nunc pro tunc*, or retroactive designation. Resp. 6-7 n.1, ECF No. 10. Because the federal judgment was silent as to whether his 18-month sentence was to run concurrently with his state violation sentence or consecutively, as a result of Falcone's § 241 petition, the BOP sought the position of the United States District Court for the Western District of Louisiana as to this matter. *Id.*  BOP policy requires the BOP to wait 60 days for a response from the sentencing court—here, March 5, 2024—before making a

designation decision. *Id.* The BOP, however, received a very quick response from the Western District of Louisiana on January 10, 2024. Notice of Mootness (Exhibit A), ECF No. 12. That court, Falcone's sentencing court, ordered his federal sentence to be retroactively designated as concurrent. *Id.* Respondent informs the BOP completed the retroactive designation. Notice of Mootness 1-2, ECF No. 12. Petitioner Falcone was thus released from BOP custody on January 10, 2024. Notice of Mootness (Exhibit B), ECF No. 12.

### III.   MOOTNESS

Respondent now argues that dismissal of this case is appropriate because after Petitioner Falcone filed the underlying § 2241 petition, he was released from BOP custody. Notice of Mootness (Exhibit B), ECF No. 12.

Under Article III of the Constitution, federal courts may adjudicate only "actual, ongoing cases or controversies." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004). "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (citations omitted). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *AMA v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) (quoting *Matter of S.L.E., Inc.*, 674 F.2d 359, 364 (5th Cir. 1982)). Where the question of mootness arises, the Court must resolve it before it can assume jurisdiction. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

An action is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Federal Bureau of Prisons*, 220 F. App'x 256, 2007 WL 627580, at *1 (5th Cir. Feb. 22, 2007) (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (holding appeal from denial of § 2241 petition seeking release from confinement was moot after Petitioner's release)). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 15-16 (5th Cir. 1978).

As Petitioner Falcone is no longer in custody and has received the relief he sought, release from custody, this § 2241 petition is moot. *See Ibrahim v. INS*, No. 3:02-CV-0770-M, 2003 WL 292172, *1 (N.D. Tex. Feb. 7, 2003) (release moots habeas petition challenging legality of extended detention) (citing *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002)).[3]

## IV.   CONCLUSION and ORDER

For all of these reasons, it is **ORDERED** that Michael Falcone's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** as moot.[4]

**SO ORDERED** this **27th day** of **February, 2024**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[3]Falcone did not seek any additional relief in this § 2241 proceeding other than the *nunc pro tunc* designation and release from confinement. Pet. 5, 11, ECF No. 1; Brief 3-4, ECF No. 2. Thus, the Court need not engage whether any possibility of a potential modification of the terms of supervised release could prevent this case from being moot. *See Herndon v. Upton*, 985 F. 3d 443, 446-449 (citing *Johnson v. Pettiford*, 442 F.3d 917 (5th Cir. 2006)).

[4] Falcone's motion for an expedited adjudication (ECF No. 7) is **DISMISSED** as moot.